IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| TALIA SHAPIRO<br><br>Plaintiff<br><br>v.<br><br>RIO MAR RESORT - MTG COMPANY, LLC and RIO MAR RESORT - WHG HOTEL PROPERTY, LLC; CHUBB INSURANCE COMPANY OF PUERTO RICO; JOHN AND JANE DOE; INSURANCE COMPANIES ABC<br><br>Defendants | **Civil No. 2025cv1011**<br><br>**Personal Injury; Diversity**<br>**Jury Trial** |

## COMPLAINT

**COMES NOW,** Plaintiff, Talia Shapiro, by and through her undersigned counsel, hereby files this Complaint and respectfully ALLEGESS, and PRAYS as follow:

### I. PARTIES

**1.**     Plaintiff, Talia Shapiro, is a resident of Stamford, Connecticut.

**2.**     Defendant, Rio Mar Resort - MTG Company, LLC, is a business entity organized under the laws of Puerto Rico, owning and/or operating the Wyndham Grand Rio Mar Beach Resort & Spa, with its principal place of business in Puerto Rico.

**3.**     Defendant, Rio Mar Resort - WHG Hotel Property, LLC, is a business entity organized under the laws of Puerto Rico, owning and/or operating the Wyndham Grand Rio Mar Beach Resort & Spa ("the Resort"), with its principal place of business in Puerto Rico.

**4.** Defendant, Chubb Insurance Company of Puerto Rico, is an insurance company licensed to do business in Puerto Rico and insures Rio Mar Resort - MTG Company, LLC, and Rio Mar Resort - WHG Hotel Property, LLC.

**5.** Defendant Insurance Companies ABC are the insurers of the Resort's owner and/or its operators. Their identities are currently unknown to Plaintiffs. Plaintiff will amend this Complaint to include their identities once they are ascertained.

**6.** Defendant John Doe and Defendant Jane Doe are unknown individuals who, on information and belief, were responsible for the ownership, operation, or management of the Resort Inn San Juan Condado and/or for maintaining the property in a safe condition. Plaintiffs will amend this Complaint to substitute their true names once they are ascertained.

**7.** Defendant Corporations ABC are unknown entities who, on information and belief, either own or operate the Resort. Plaintiffs will amend this Complaint to include the names of these corporations once they are ascertained.

## II. JURISDICTION AND VENUE

**8.** This Court has jurisdiction under 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**9.** Venue is proper in this District under 28 U.S.C. § 1391 as the events giving rise to this action occurred in Puerto Rico.

## III. FACTUAL ALLEGATIONS

**10.** On On April 9, 2024, Plaintiff checked into the Wyndham Grand Rio Mar Beach Resort & Spa with her significant other for a planned vacation.

**11.** On April 12, 2024, while running at night on a paved path within the resort that was identified by resort staff and on a map provided by the staff as a jogging path, Plaintiff encountered a low-hanging chain link strung across the path.

12. The section of the jogging path where the chain was located was bordered by dense vegetation on one side and large rocks on the other side, leaving no room to bypass the chain without stepping off the path.

13. The area outside the path was too dark and unsafe for walking, compelling Plaintiff to attempt to jump over the chain to continue on the path.

14. The chain was not stationary and swayed when touched, creating a tripping hazard.

15. There were no signs warning of the chain's presence or its intended purpose.

16. Plaintiff attempted to step over the chain, but it swayed, catching her back foot and causing her to fall face-first onto the concrete path.

17. Plaintiff sustained severe injuries, including but not limited to:

    a. Fractured and chipped teeth requiring emergency dental treatment and reconstruction;

    b. Bruising and lacerations on her knees, wrist, and elbow;

    c. Severe pain and emotional distress;

    d. A concussion diagnosed by her primary care physician following the incident.

18. Resort staff transported Plaintiff to the security office and later called an ambulance to take her to the Hospital Universitario de Puerto Rico in Carolina.

19. As a result of the fall, Plaintiff has incurred significant medical expenses for emergency room treatment, dental repairs, and ongoing medical care, including:

    a. Tooth reconstruction and potential future veneers;

    b. Root canal treatments and orthodontic adjustments;

    c. Treatment for a hand infection arising from lacerations sustained in the fall.

20. Plaintiff has endured severe physical pain, emotional distress, and a loss of enjoyment of life.

21. Plaintiff's vacation was entirely disrupted, and she has suffered further economic losses, including out-of-pocket medical expenses and travel-related costs.

## IV. CAUSES OF ACTION

### COUNT I: NEGLIGENCE

22. Plaintiff re-alleges and incorporates all preceding paragraphs.

23. Defendants had a duty to maintain their premises in a reasonably safe condition for invitees and to warn of any dangerous conditions.

24. Defendants breached their duty by:

  a. Failing to properly secure the chain or remove it from the jogging path;

  b. Failing to warn Plaintiff and other guests of the chain's presence;

  c. Failing to adequately inspect and maintain the jogging path to prevent foreseeable injuries.

25. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered the injuries and damages described herein.

### COUNT II: DIRECT ACTION AGAINST DEFENDANTS' INSURERS

26. Plaintiff re-alleges and incorporates all preceding paragraphs.

27. Pursuant to Puerto Rico's Direct Action Statute, 26 L.P.R.A. § 2003, Plaintiff brings this claim directly against Defendants Chubb Ins. Co. of Puerteo Rico, Insurance Company A, Insurance Company B, and Insurance Company C.

28. Upon information and belief, these insurers provided coverage for the acts or omissions alleged herein, including liability for personal injuries caused by Defendants' negligence.

## V. DAMAGES

29. Plaintiff seeks judgment against Defendants for:

  a. Medical expenses incurred and to be incurred;

  b. Dental repair and related costs;

  c. Emotional distress and mental anguish;

    d. Loss of enjoyment of life;

    e. Economic losses, including travel-related expenses and lost use of services;

    f. Any other damages as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. Compensatory damages in an amount to be determined at trial, but exceeding $75,000;

b. Costs of this action, including attorneys' fees;

c. Judgment against Defendants Insurance Company A, Insurance Company B, and Insurance Company C under 26 L.P.R.A. § 2003;

d. Such other and further relief as this Court deems just and proper.

**RESPECTFULLY SUBMITTED** in this 7th day of January, 2025.

    **CASTAÑER & BAELLA LLC**
    MAI Center
    Marginal Kennedy
    771 Cll 1, Ste 204
    San Juan, PR 00920
    Tel. (787) 707-0802
    Fax:1(888) 227-5728
    alberto@castanerlaw.com

    Attorneys for Plaintiff

    By:s/Alberto Castañer
    **Alberto J. Castañer**
    USDC-PR No. 225706